UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALISON HA AND** | § | **CIVIL ACTION NO.** |
| **DO HA** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VERSUS | § | SECTION: |
| | § | |
| **DAVID ALEJANDRO MELO, AND** | § | |
| **GROWERS TO HOME,** | § | |
| **CORPORATION,** | § | |
| | § | |
| Defendants. | § | MAGISTRATE: |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW INTO COURT, through undersigned counsel, come Plaintiffs ALISON HA and DO HA, persons of full age of majority, with respect represent:

**I.
PARTIES**

1.  Plaintiff, ALISON HA, an individual, is a citizen of Louisiana and a domiciliary of New Orleans, Orleans Parish, Louisiana.

2.  Plaintiff, DO HA, an individual, is a citizen of Louisiana and a domiciliary of New Orleans, Orleans Parish, Louisiana.

3.  Defendant, DAVID ALEJANDRO MELO, an individual, is a citizen of Texas and a domiciliary of Arlington, Tarrant County, Texas, and may be served with process at: 119 Holly Park Drive, Apt. 1021, Arlington, Texas 76014.

4. Defendant, GROWERS TO HOME, CORPORATION, is a foreign corporation duly formed and existing under the laws of the State of Florida, having its principal place of business in Miami-Dade County, Florida, and may be served through its registered agent for service of process and President, Treasurer, Director ("PTD") Felipe Bahamon, who is a citizen of Florida and domiciliary of Broward County, 1035 Briar Ridge Road, Weston, Florida 33327.

## II.
## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court because plaintiffs are citizens of the state of Louisiana and defendants are citizens of the states of Texas and Florida, respectively. The matter in controversy exceeds, exclusive of interest and costs, the sums specified by 28 U.S.C. § 1332.

6. Venue is proper in the Eastern District of Louisiana under the provisions of 28 U.S.C. § 1391 (b) (2), because at all times relevant hereto, a substantial part of the events or omissions giving rise to the claim occurred in Orleans Parish, Louisiana, which is situated in the Eastern District of Louisiana.

## III.
## FACTUAL BACKGROUND

7. Plaintiff Alison Ha is a student at the University of New Orleans studying to become a nurse practitioner.

8. Plaintiff Do Ha is Alison's father and owner of the restaurant Doson Noodle House, 135 North Carrollton Avenue, New Orleans, Louisiana 70119.

9. On the afternoon of March 22, 2018 at 4:00 p.m., Defendant DAVID ALEJANDRO MELO was driving a 2016 Ram Van ("Ram Van"), in an eastbound direction on South Carrollton Avenue, near its intersection with Ulloa Street, in the Parish of Orleans, Louisiana.

10. At all times material to this lawsuit, the Ram Van was owned by Defendant GROWERS TO HOME, CORPORATION.

11. On the afternoon of March 22, 2018 at 4:00 p.m., Plaintiff ALISON HA was driving a 2008 BMW 525, in a southbound direction on Ulloa Street, near its intersection with South Carrollton Avenue, in the Parish of Orleans, Louisiana.

12. At all times material to this lawsuit, the 2008 BMW 525 was owned by Plaintiff DO HA.

13. The intersection at Ulloa Street and South Carrollton Avenue has a four-way traffic light.

14. While driving eastbound on South Carrollton Avenue, Defendant DAVID ALEJANDRO MELO had a red light at the intersection of South Carrollton Avenue and Ulloa Street.

15. While driving southbound on Ulloa Street, Plaintiff ALISON HA had a green light at the intersection of Ulloa Street and South Carrollton Avenue.

16. As Plaintiff ALISON HA proceeded into the intersection to make a left hand turn from Ulloa Street onto South Carrollton Avenue, suddenly and without warning, Defendant's Ram Van struck Plaintiff's automobile as Defendant DAVID

      ALEJANDRO MELO ignored the red signal and drove into the intersection colliding with the automobile driven by ALISON HA.

17.    At all times relevant hereto, ALISON HA was driving her automobile in a proper and prudent manner, and could in no way avoid the collision which is sued on herein.

### IV. NEGLIGENCE

18.    Defendant DAVID ALEJANDRO MELO had a duty to exercise ordinary care and operate the Ram Van reasonably and prudently.

19.    The collision sued on herein was caused by the negligence of the defendant, DAVID ALEJANDRO MELO, which includes, but is not limited to the following:

    A.    Failure to obey the traffic signal by proceeding through a red light;

    B.    Failure to timely apply brakes and/or stop;

    C.    Failure to pay attention to his surroundings and keep a proper lookout;

    D.    Driving in an improper, imprudent, and careless manner;

    E.    Failure to avoid the collision sued on;

    F.    Failure to see what he should have seen;

    G.    Failure to maintain control of his vehicle;

    H.    Failure to yield the right of way;

    I.    Failure to take proper precautionary action at a known intersection;

    J.    Failure to take proper precautionary actions after he knew or should have known of the dangers of the collision sued on;

    K.    Causing a collision by attempting to drive through an intersection when he had a red light and it was unsafe to do so;

    L.    Failing in additional ways, as will be revealed during discovery; and

    M.    Any and all other acts of negligence which may be shown at a trial on the merits.

20.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a direct and proximate cause and/or producing cause and/or legal cause of the incident made the basis of this lawsuit and the injuries and property damage at issue herein.

21.    Likewise, Defendant GROWERS TO HOME, CORPORATION failed to use ordinary care in its screening, hiring, and supervision of Defendant DAVID ALEJANDRO MELO. More specifically, Defendant GROWERS TO HOME, CORPORATION knew or in the exercise of ordinary care should have known that Defendant DAVID ALEJANDRO MELO was not fit to operate a commercial motor vehicle and/or could not be entrusted with the Ram Van.

22.    Defendant GROWERS TO HOME, CORPORATION was negligent in one or more of the following manners:

    A.    Failure to use ordinary care in its screening, hiring, and supervision of Defendant DAVID ALEJANDRO MELO;

    B.    Failure to hire an agent fit to operate a Ram Van;

    C.     Failure to properly train and supervise Defendant DAVID ALEJANDRO MELO to operate a Ram Van;

    D.     Allowing Defendant DAVID ALEJANDRO MELO to operate a Ram Van without proper training or supervision;

    E.     Failure to take precautionary actions; and

    F.     Failure to avoid the incident sued on herein.

23. Defendants' respective breaches of duty described herein proximately caused injury to Plaintiff, which resulted in the damages detailed more fully below.

24. At all times relevant hereto, defendant GROWERS TO HOME, CORPORATION, owner of the Ram Van, had a policy of liability insurance in full force and effect. The coverage provided for in such a policy was designed to cover such a situation as is sued on herein.

25. The policies of liability insurance referenced above in Paragraph 24 provided coverage to employees of GROWERS TO HOME, CORPORATION, including Defendant DAVID ALEJANDRO MELO.

26. At all times relevant hereto, defendant DAVID ALEJANDRO MELO, was an agent or employee of GROWERS TO HOME, CORPORATION, and the actions of DAVID ALEJANDRO MELO arose out of and were during the course of his employment for GROWERS TO HOME, CORPORATION.

27. Even if DAVID ALEJANDRO MELO was not an agent or employee of GROWERS TO HOME, CORPORATION, DAVID ALEJANDRO MELO operated the Ram Van

with the consent of GROWERS TO HOME, CORPORATION, and as such the liability policy of GROWERS TO HOME, CORPORATION covered DAVID ALEJANDRO MELO.

28. Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant DAVID ALEJANDRO MELO, who, at the time of the incident made the basis of this cause of action, was in the course and scope of his employment with, or alternatively, was on a mission on behalf of, Defendant GROWERS TO HOME, CORPORATION, are imputed on to Defendant GROWERS TO HOME, CORPORATION under the legal theory of *respondeat superior*.

29. GROWERS TO HOME, CORPORATION is vicariously liable for the negligent acts of its employees and agents at the time of the incident.

## V.
## DAMAGES

30. As a result of the incident sued on herein, ALISON HA received injuries about her body, which include, but are not limited to the following:

    A)  Pain and injuries to her neck;

    B)  Pain and injuries to her shoulders;

    C)  Pain and injuries to her back;

    D)  Mental anguish;

    E)  Physical impairment; and

    F)  Headaches.

31. These injuries caused ALISON HA mental and physical pain and suffering.

32. As a result of the collision sued on herein, family members have provided services and care to petitioner.

33. As a result of the accident and the injuries received therefrom, ALISON HA has sustained damages which include, but are not limited to, the following:

    A) Past medical bills;

    B) Future medical bills;

    C) Past and future lost wages;

    D) Past and future lost earning capacity;

    E) Past mental and physical pain and suffering;

    F) Future mental and physical pain and suffering;

    G) Loss of household services;

    H) Loss of enjoyment of life;

    I) Gratuitous services performed by a family member.

34. As a result of the accident, DO HA has sustained damages which include, but are not limited to, the following:

    A) Property damages.

35. Plaintiffs pray for a trial by jury on all issues raised herein.

    WHEREFORE, Plaintiffs pray:

    1. That there be judgment herein in favor of the plaintiffs, ALISON HA and DO HA, and against defendants, DAVID ALEJANDRO MELO and GROWERS

TO HOME, CORPORATION, for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding;

2. That any expert witness fees be fixed and taxed as costs;

3. For a trial by jury on all issues raised herein; and

4. For all general necessary and equitable relief.

Respectfully submitted,

GREGORIO, CHAFIN, JOHNSON,
POOLSON & TABOR, L.L.C.

/s/Daniel J. Poolson, Jr.
DANIEL J. POOLSON, JR. (T.A.)
LA Bar Roll No. 30676
111 Veterans Memorial Blvd., Suite 1520
Metairie, Louisiana 70005
Telephone: 504.475.7100
Facsimile: 504.475.7101
DPoolson@GCJ-Law.com

and

CASEY COWLEY LLC

/s/ J. Casey Cowley
J. CASEY COWLEY
LA Bar Roll No. 30454
620 N. Carrollton Avenue
New Orleans, Louisiana 70119
Telephone: (504) 485-6554
Fax: (504) 218-5628
E-mail: casey@caseycowley.com

ATTORNEYS FOR PLAINTIFFS