IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| ALISON HA AND DO HA | § | CIVIL ACTION NO. 2:19-CV-00500 |
| | § | |
| VS. | § | SEC. H(3) |
| | § | |
| DAVID ALEJANDRO MELO & | § | JUDGE: MILAZZO |
| GROWERS TO HOME | § | |
| CORPORATION | § | MAG: DOUGLAS |

## SETTLEMENT, RELEASE AND INDEMNITY AGREEMENT

| | |
|---|---|
| THE STATE OF LOUISIANA | § |
| | § |
| PARISH OF JEFFERSON | § |

This Settlement, Release and Indemnity Agreement is made and entered into this __25__ day of November, 2019, by and between [among]:

"Plaintiffs," which herein shall mean Alison Ha and Do Ha unless identified by name.

"Defendants," which herein shall mean David Alejandro Melo and Growers to Home Corporation.

### Recitals

A.      Plaintiffs (hereafter sometimes referred to as Plaintiffs or individually by name) filed a complaint against Defendants, David Alejandro Melo and Growers to Home Corporation, on January 24, 2019, in the United States District Court for the Eastern District of Louisiana, and styled *Alison Ha and Do Ha vs. David Alejandro Melo and Growers to Home Corporation*; Civil Action No. 2:19-cv-00500 (sometimes referred to as the "Complaint"), wherein Plaintiff Alison Ha claimed she sustained personal injury and Plaintiff Do Ha claimed he sustained property damage resulting from an auto accident in Orleans Parish, Louisiana on March 22, 2018, and which Plaintiffs claim was the result of alleged negligent acts and omissions by Defendant Growers to Home Corporation's employee, David Alejandro Melo. Plaintiff contends that Defendant Growers to Home Corporation is vicariously liable for the alleged negligence of David Alejandro Melo.

B.      The parties desire to enter into this Settlement, Release and Indemnity Agreement in order to provide for certain payments in full settlement and discharge of all claims which are, or might have been, the subject matter of the Petition, upon the terms and conditions set forth below.

C.      The parties agree and acknowledge that in connection with this Settlement, Release and Indemnity Agreement ("Settlement Agreement") that they are asking the Court to enter an Agreed Order of Dismissal in which the parties are requesting the Court to: (1) specifically retain jurisdiction to enforce the terms of this Settlement Agreement; and (2) are asking the Court pursuant to the

language of the Agreed Order of Dismissal to incorporate the terms of this Settlement Agreement into the order so that the Court will further retain jurisdiction to enforce the terms of this Settlement Agreement. The parties specifically acknowledge that this Settlement Agreement may be enforced in the Eastern District of Louisiana if payments are not made or other terms of this Settlement Agreement are not met as required herein. It is specifically acknowledged and agreed by the parties that any language discussed in this Settlement Agreement as to the finality of this Settlement Agreement is subject to the parties' right to enforce the Settlement Agreement as set forth in the Agreed Order of Dismissal.

1. **Release and Discharge:**

    **1.1**    KNOW ALL MEN BY THESE PRESENTS, that we, ALISON HA and DO HA, for and in consideration of the combined present value sum of THIRTY THOUSAND AND NO/100 DOLLARS ($30,000.00) to me in hand paid by DAVID ALEJANDRO MELO and GROWERS TO HOME CORPORATION, herewith, the receipt of which is hereby acknowledged and confessed, have ACQUITTED, RELEASED AND FOREVER DISCHARGED, and by these presents do for ourselves and on behalf of our heirs, executors, administrators and assign, hereby ACQUIT, RELEASE AND FOREVER DISCHARGE GROWERS TO HOME CORPORATION and DAVID ALEJANDRO MELO and their related companies, their agents, servants, employees, and their attorneys, BURGOS & ASSOCIATES, LLEC (hereinafter called the Released Parties), and all other persons, firms and corporations, of and from any and all claims, demands, debts, liens, causes of action, or liabilities, at law or in equity, either in contract or in tort, as well as any other character or kind of action now held or owned by Plaintiffs, in whole or in part, which Plaintiffs may now have or may hereafter claim to hold or possess, on account of, growing out of, related to or concerning, whether directly or indirectly, proximately or remotely, any and all damages alleged to have been sustained by Plaintiffs in connection with an incident that took place involving Plaintiff Alison Ha on or about March 22, 2018 in Orleans Parish, Louisiana.

    **1.2**    It is understood and agreed that this is a FULL AND COMPLETE RELEASE of any claims possessed by Plaintiffs and includes all sums of any kind or character, including by way of illustration, but not by way of limitation: actual damages, exemplary damages, property damage, parental consortium, loss of wages or wage earning capacity, benefits, or of profits, loss of insurance benefits, mental anguish, medical expenses, indemnity payments, impairment, disfigurement, physical pain and suffering, bystander damages, hedonic damages, attorneys' fees, accrued sick time, and any other type of damages which are measurable in money, whether included within the foregoing enumeration or not, including any claim for damages to accrue in the future from any cause, whether known or anticipated at this time or otherwise, and whether specified within the categories enumerated above. It is the intention of the parties executing this release that the same shall be as general as possible, and that same shall cover every conceivable contingency which might arise in the future, or which may have arisen in the past, whether known or unknown at this time. Plaintiffs expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Plaintiffs do not know or suspect to exist, as a result an incident on or about March 22, 2018, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiffs' decision to enter into this Settlement, Release and Indemnity Agreement. Plaintiffs further agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Plaintiffs assume the

risk that the facts or law may be other than Plaintiffs believe. It is understood and agreed to by the parties that this settlement is a compromise of a doubtful and disputed claim, and the payments are not to be construed as an admission of liability on the part of the Released Parties, by whom liability is expressly denied.

**1.3** It is understood and acknowledged and agreed by the Plaintiffs that the same sum so paid by and on behalf of the Released Parties, as set out above, is a FULL AND FINAL RELEASE AND SATISFACTION of all claims that Claimant now has or may hereafter assert by reason of alleged injuries suffered by Alison Ha or the alleged property damage suffered by Do Ha from an accident involving David Melo on or about March 22, 2018 in Orleans Parish, Louisiana.

**1.4** It is also understood and agreed that this is a FULL AND FINAL RELEASE AND DISCHARGE of said Released Parties, their agents, servants, employees, heirs, successors, and assigns, though not expressly named herein, from any matter or thing dealt with herein, and that the same may be pleaded as an absolute and final bar to any and all suit or suits pending, or which may hereafter be pending or prosecuted by Plaintiffs, or anyone claiming by, through or under Plaintiffs, as a result of the incident made the basis of this suit and as more fully described in pleadings on file, including, but not limited to, any derivative claims, including loss of consortium by a spouse, child or parent.

**2. Payment Provisions:**

In consideration of the release set forth above, Defendant, Growers to Home Corporation, Individually and as employer of David Alejandro Melo, agrees to pay to ALISON HA and DO HA the sum outlined in this section 2.1 below:

**2.1** Payment to ALISON HA and DO HA the sum of THIRTY THOUSAND AND NO/100 DOLLARS ($30,000.00). All sums set forth above constitute damages on account of personal physical injuries, or physical sickness, arising from an occurrence, within the meaning of Section 104(a) of the Internal Revenue Code of 1986, as amended. The $30,000.00 payment shall be made according to the following installment payment schedule:

**2.1.1** First installment payment: $5,000.00 to be paid on or before November 29, 2019;

**2.1.2** Second installment payment: $2,083.00 to be paid on or before December 30, 2019;

**2.1.3** Third installment payment: $2,083.00 to be paid on or before January 31, 2020;

**2.1.4** Fourth installment payment: $2,083.00 to be paid on or before February 28, 2020;

**2.1.5** Fifth installment payment: $2,083.00 to be paid on or before March 31, 2020;

**2.1.6** Sixth installment payment: $5,556.00 to be paid on or before April 30, 2020;

**2.1.7** Seventh installment payment: $5,556.00 to be paid on or before May 29, 2020;

2.1.8   Eighth and final installment payment: $5,556.00 to be paid on or before June 30, 2020;

    **2.2   The foregoing Payment Provisions shall be enforceable by the District Court for the Eastern District of Louisiana should any terms not be met.**

3.   **Attorney's Fees:**

With the exception of attorney's fees and costs that are incurred by Plaintiff in the subsequent enforcement of this Settlement Agreement, if any, each party hereto shall bear all attorney's fees and costs arising from the actions of its own counsel in connection with the subject lawsuits, this Settlement, Release and Indemnity Agreement and the matters and documents referred to herein, the filing of a Dismissal of the Complaint, and all related matters. Taxable Court costs shall be paid by the Parties incurring same. Defendant understands and acknowledges that Plaintiff will be entitled to recover reasonable and necessary attorney's fees and costs if Plaintiff is required to subsequently seek court intervention to enforce the terms of this Settlement Agreement.

4.   **Delivery of Dismissal or Non-Suit With Prejudice by Plaintiffs after Completion of all Payments:**

The Parties agree that the District Court shall retain jurisdiction over this Settlement, Release and Indemnity Agreement to enforce same should there be any reason for Court intervention. Plaintiffs agree to file a dismissal with prejudice within seven (7) days of Defendants making the final payment.

5.   **Warranty of Authority to Enter Agreement**

As a further consideration for said payment, Plaintiffs ALISON HA and DO HA, warrant that they are over the age of eighteen years and are competent to execute this Settlement, Release and Indemnity Agreement, that no promise or agreement which is not herein expressed had been made to the Plaintiffs; that in executing this Settlement, Release and Indemnity Agreement, the Plaintiffs are not relying upon any agent or servant of the Parties Released, but are relying upon their own judgment, and that the Plaintiffs fully understand that the same is a FULL AND FINAL SETTLEMENT of all claims of Plaintiffs arising out of the events and allegations made the basis of this suit and as more fully described in pleadings on file.

6.   **Plaintiffs' Warranty of Authority and Capacity to Execute Agreement.** Plaintiffs represents and warrants that no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement except as otherwise set forth herein and that Plaintiffs have the sole right and exclusive authority to bring a claim for damages under any theory for the individual injuries and/or property damage allegedly suffered in the Incident made the basis of this suit and to execute this Settlement, Release and Indemnity Agreement and receive the sums specified in it; Plaintiffs have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demands, obligations, or causes of action referred to in this Settlement, Release and Indemnity Agreement except to their attorneys which interests are released herein; Plaintiff Alison Ha is aware of no other outstanding judgments,

claims, liens, hospital, or medical expenses/charges, including, but not limited to, health care liens, subrogation claims, hospital liens, Medicare, Medicaid or Social Security liens, concerning any consideration paid to Plaintiff Alison Ha or her attorneys, including but not limited to any and all hospital and/or medical expense, loss or insured liens; and no medical expenses/charges subject to reimbursement under any state or federal statute, including, but not limited to, the Federal Medical Care Recovery Act or the Medicare Secondary Payer Statute, have been paid by any federal or state governmental entity on behalf of Plaintiff Alison Ha, and no medical services have been provided to Plaintiff Alison Ha by any such governmental entities, and to the extent such judgments, liens, hospital, or medical expenses/charges described above currently exist or exist in the future, all such obligations shall be paid and fully satisfied by Plaintiff Alison Ha, and Plaintiff Alison Ha agrees to indemnify and hold harmless the Released Parties from the payment of any judgments, claims, liens, hospital, or medical expenses/charges.

The Parties have appropriately considered Medicare's interest and have concluded that if necessary, based on such consideration, that Plaintiff Alison Ha will contact Medicare and determine with Medicare what portion, if any, of these settlement proceeds should be payable to Medicare or placed in a Medicare set-aside, if any. This settlement is based upon a good faith determination of the Parties in order to resolve a questionable claim. The Parties have attempted to resolve this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C. Sec. 1395y(b). The Parties acknowledge and understand that any present or future action or decision by the Centers for Medicare & Medicaid Services (CMS) or Medicare on this settlement, or on the Plaintiff Alison Ha's eligibility or entitlement to Medicare or Medicare payments, will not render this release void or ineffective, or in any way affect the finality of this liability settlement.

## 7. Hold Harmless

Plaintiff Alison Ha agrees to defend, indemnify and hold harmless the Released Parties from any claim which might be asserted by any lienholder specifically including, but not limited to any and all physician claims or liens, hospital claims or liens, Medicare claims or liens, MMSEA claims, liens, fines, penalties or charges, Medicaid claims or liens, worker's compensation insurance claims or liens, and Medical Payments Coverage ("MPC") subrogation claims or liens and any other liens involving treatment or care for Alison Ha.

## 8. Governing Law

This Settlement, Release and Indemnity Agreement shall be construed and interpreted in accordance with the laws of the State of Louisiana. All payments are to be made in Louisiana. Venue for any dispute regarding the construction or interpretation of this Settlement, Release and Indemnity Agreement shall be in Orleans Parish, Louisiana.

## 9. Entire Agreement and Successors in Interest

This Settlement, Release and Indemnity Agreement contains the entire agreement between Plaintiffs and Defendants, with regard to the matters set forth in it and shall be binding upon and

ensure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each. Plaintiffs represent and declares that no promise, inducement, or agreement not herein expressed has been made or offered to him, that this Settlement, Release and Indemnity Agreement contains the entire agreement between the parties, and that the terms hereof are contractual and not a mere recital.

10. **INDEMNITY**

IN FURTHER EXCHANGE FOR THE CONSIDERATION HEREIN EXPRESSED, PLAINTIFFS DO HEREBY AGREE TO INDEMNIFY, DEFEND, SAVE, AND HOLD HARMLESS THE RELEASED PARTIES AND THEIR ATTORNEYS BURGOS & ASSOCIATES, LLC, FROM AND AGAINST:

(1) ANY AND ALL CURRENT AND FUTURE CLAIMS, DAMAGES, OR LIABILITIES THAT MAY BE ASSERTED BY ANY PERSON OR ENTITY CLAIMING BY, THROUGH, UNDER, OR ON BEHALF OF PLAINTIFFS AGAINST DEFENDANTS OR ANY OF THE RELEASED PARTIES;

(2) ANY AND ALL CLAIMS, CROSS-ACTIONS, THIRD-PARTY ACTIONS, ACTIONS IN INTERVENTION, AND CAUSES OF ACTION OF EVERY KIND ARISING FROM OR RELATING TO ANY UNPAID OR PARTIALLY PAID MEDICAL SERVICES, MEDICAL AID, HOSPITAL SERVICES, DOCTOR SERVICES, PSYCHIATRIC OR PSYCHOLOGICAL SERVICES, PHARMACEUTICALS OR OTHER MEDICAL SUPPLIES, PSYCHOTHERAPIST SERVICES, CHIROPRACTOR SERVICES, NURSING SERVICES, MEDICARE, MEDICAID OR OTHER STATE OR FEDERAL GOVERNMENT LIENS ARISING FROM PAYMENT OF ANY MEDICAL OR OTHER EXPENSES INCURRED BY OR FOR PLAINTIFFS AS A RESULT OF THE INCIDENT MADE THE BASIS OF THE LAWSUIT THAT HAVE BEEN OR MAY BE ASSERTED IN THE FUTURE AGAINST DEFENDANTS OR ANY OF THE RELEASED PARTIES.

(3) ANY AND ALL CLAIMS, LIENS OR LIABILITIES, WHETHER CURRENTLY ASSERTED OR NOT YET ASSERTED, BY ANY PRIOR ATTORNEY'S FOR PLAINTIFFS SEEKING REIMBURSEMENT FOR COSTS, EXPENSES OR AN INTEREST IN THIS LAWSUIT.

THIS OBLIGATION TO PROTECT, DEFEND, HOLD HARMLESS AND INDEMNIFY IS INTENDED TO COVER ALL FORMS AND TYPES OF DAMAGES, LOSSES, COSTS, LIABILITIES, EXPENSES AND ATTORNEY FEES WHATSOEVER THAT MAY BE SOUGHT AGAINST DEFENDANTS OR ANY OF THE RELEASED PARTIES, AND THE COSTS OF FUTURE LITIGATION, INCLUDING WITHOUT LIMITATION, REASONABLE ATTORNEY FEES. THIS OBLIGATION TO PROTECT, DEFEND, HOLD HARMLESS, AND INDEMNIFY INCLUDES, WITHOUT LIMITATION, THE OBLIGATION TO PROVIDE A GOOD AND ADEQUATE DEFENSE, INCLUDING PAYMENT OF ALL REASONABLE DEFENSE COSTS AND ATTORNEY FEES, FOR ANY CLAIM OR CAUSE OF ACTION COVERED BY THIS INDEMNIFICATION.

11. <u>Additional Documents</u>

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions, which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement, Release and Indemnity Agreement.

12. <u>Effectiveness</u>

This Settlement, Release and Indemnity Agreement shall become effective immediately following execution by Plaintiffs. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and will become effective and binding on the Parties hereto at such time as all of the signatories hereto have signed a counterpart of this Agreement.

PLAINTIFFS ALISON HA AND DO HA, HAVE READ ALL OF THIS RELEASE BEFORE SIGNING SAME, AND UNDERSTAND THAT IT IS A FULL, FINAL AND COMPLETE RELEASE AND SETTLEMENT, AND THAT PLAINTIFFS WILL NOT GET ANY MORE MONEY ON ACCOUNT OF THE INCIDENT WHICH OCCURRED ON OR ABOUT MARCH 22, 2018, IN ORLEANS PARISH, LOUISIANA.

SIGNED this the 2 day of ~~November~~ DECEMBER, 2019. AH DH

_____
Alison Ha

_____
Do Ha

THE STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, on this day personally appeared Alison Ha, and known to me to be the person whose name is subscribed to the foregoing Settlement, Release and Indemnity Agreement, and acknowledged to me that she executed the same for the purposes and considerations therein expressed.

SWORN TO AND SUBSCRIBED before me on this the 2 day of ~~November~~ December, 2019.

DANIEL J. POOLSON, JR.
NOTARY PUBLIC-No. 84060
Bar No. 30676
Jefferson Parish, LA
Statewide Jurisdiction
My Commission is for Life.

NOTARY PUBLIC IN AND FOR
THE STATE OF LOUISIANA
My Commission Expires: AT DEATH

THE STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, on this day personally appeared Do Ha, and known to me to be the person whose name is subscribed to the foregoing Settlement, Release and Indemnity Agreement, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

SWORN TO AND SUBSCRIBED before me on this the 2 day of ~~November~~ December, 2019.

DANIEL J. POOLSON, JR.
NOTARY PUBLIC-No. 84060
Bar No. 30676
Jefferson Parish, LA
Statewide Jurisdiction
My Commission is for Life.

NOTARY PUBLIC IN AND FOR
THE STATE OF LOUISIANA
My Commission Expires: AT DEATH

## ATTORNEY'S CERTIFICATE

I certify that I am the attorney of record for Plaintiffs, Alison Ha and Do Ha in the matter above-captioned; I have read the foregoing Release to Plaintiffs, Alison Ha and Do Ha, and I have fully explained the legal effect thereof; that after such explanation, Plaintiffs, Alison Ha and Do Ha was fully satisfied therewith and did not wish to retract it.

Danny Poolson, Attorney for Plaintiffs, Alison Ha and Do Ha

SIGNED this the 4 day of December, 2019

Felipe Bahamon, Owner
Growers to Home, Corporation

THE STATE OF Florida
PARISH/COUNTY OF Broward

BEFORE ME, the undersigned authority, on this day personally appeared Felipe Bahamon, and known to me to be the person whose name is subscribed to the foregoing Settlement, Release and Indemnity Agreement, and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

SWORN TO AND SUBSCRIBED before me on this the 4th day of ~~November~~ December, 2019.



NOTARY PUBLIC IN ~~AND FOR~~
THE STATE OF Florida
My Commission Expires: May 10, 2021

## ATTORNEY'S CERTIFICATE

I certify that I am the attorney of record for Defendants, David Alejandro Melo and Growers to Home, Corporation, in the matter above-captioned; The foregoing Release has been provided to a representative(s) for Defendant Growers to Home, Corporation, the employer of David Melo, and such representative(s) has confirmed they have reviewed and approved of the Release and Defendant Growers to Home is fully satisfied therewith and did not wish to retract it.

Scott Alexander, Attorney for Defendants David Alejandro Melo and Growers to Home, Corporation